# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,  :
              Appellant  :
                                 :
                                 :  No. 1939 C.D. 2016
         v.  :  Submitted: June 9, 2017
                                 :
Sherry Wise, and Susan K. White  :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                **FILED: August 25, 2017**

        Alton Brown (Appellant), a well-known inmate at the State Correctional Institution at Greene who is representing himself, appeals an April 25, 2016 order entered in the Court of Common Pleas of Greene County (trial court) that denied Appellant's Motion for Reconsideration/Recusal and dismissed the underlying civil action. Subsequent to Appellant's appeal, and while the matter remained in the trial court, the trial court entered a *sua sponte* order filed July 1, 2016, which, citing Canons 2.11, 3.13, and 3.15 of the Code of Judicial Conduct, disqualified itself and ordered that "all current and future matters regarding this case shall thereafter be automatically referred to the Office of Court Administrator for assignment, and reassignment." (Disqualification Order) Certified Record (C.R.), Item #13. Given the lack of explanation for the denial of recusal and the subsequent entry of the Disqualification Order, we vacate the trial court's April 25, 2016 order and remand for reconsideration.

This matter began when Appellant sought mandamus relief against the Prothonotary and Criminal Clerk of the trial court, essentially alleging that the court officials were barring his access to the trial court and were not responsive to his contacts. As part of the initial filing, Appellant sought leave to proceed *in forma pauperis*, without payment of costs. The President Judge of the trial court denied *in forma pauperis* status. Appellant filed a motion for reconsideration. On March 9, 2016, the President Judge of the trial court denied *in forma pauperis* status again and directed Appellant to tender $96.00 in court fees within 30 days of service of the opinion and order or face dismissal of his underlying action.

Appellant filed a timely "Motion for Reconsideration of Order of March 9, 2016: And, Recusal." C.R., Item #17. In response, the President Judge of the trial court entered the Order of April 25, 2016, which is the subject of the current appeal. In the order, the trial court explained that court records failed to reveal payment of court costs by Appellant. Accordingly, the trial court ordered: "[T]he [Appellant's] Motion for Reconsideration of Order of March 9, 2016 and Recusal is DENIED, and the [Appellant's] complaint is DISMISSED in its entirety." C.R., Item #16. There was no discussion addressing the recusal portion of the order.

Together with his appeal from the Order of April 25, 2016, Appellant sought leave to appeal *in forma pauperis*. C.R., Item #14. While that application was pending, the President Judge of the trial court entered the Disqualification Order, filed July 1, 2016. The same day, a second judge denied Appellant's

2

application to appeal *in forma pauperis*. However, by order of November 9, 2016, the second judge granted Appellant's application to appeal *in forma pauperis*.

In response to Appellant's statement of errors complained of on appeal, the second judge entered an Opinion Pursuant to Pa. R.A.P. 1925, and stated that "the reasons for this Court's April 25, 2016 Order appear of record and [the Court] Directs the Prothonotary to transmit the record accordingly." C.R., Item #6. The opinion did not expressly address the recusal portion of the April 25, 2016 Order, and it did not reference the Disqualification Order at all.

Whether or not there is merit in the current appeal or in the underlying mandamus action, there is at least an ambiguity about the manner in which the trial court handled the recusal portion of the Reconsideration/Recusal Motion. Until there is more clarity about the reasons for denying recusal and then granting disqualification *sua sponte*, the dismissal of the underlying action cannot stand. Accordingly, we vacate the Order of April 25, 2016, and we remand to the trial court for reconsideration of the Motion for Reconsideration/Recusal and a more complete explanation of whatever disposition the court enters.

ROBERT SIMPSON, Judge

Judge Cosgrove did not participate in the decision in this case.

3

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown, :
                    Appellant          :
                                       :   No. 1939 C.D. 2016
          v.                           :
                                       :
Sherry Wise, and Susan K. White        :

# **O R D E R**

**AND NOW**, this 25th day of August, 2017, the Order of the Court of Common Pleas of Greene County, dated April 25, 2016 in the above-captioned matter is **VACATED**, and the matter is **REMANDED** for reconsideration consistent with the foregoing opinion. Jurisdiction is relinquished.

---

ROBERT SIMPSON, Judge